## LUMPKIN *v.* SHOFNER.

4-6968                                               168 S. W. 2d 614

Opinion delivered February 15, 1943.

*Steel & Edwardes,* for appellant.

*Ned Stewart,* for appellee.

GRIFFIN SMITH, C. J. The appeal is from a judgment for $293.65 to compensate property damage sus-

tained by appellee when his automobile collided with appellant's taxicab.

Errors assigned, when grouped, are of two classes: (a) Evidence was insufficient; hence appellant's request for an instructed verdict should have been given. (b) Appellee failed to produce an independent witness to prove necessity for the repairs made and reasonable cost.

• • • •

Appellee's car was driven by his daughter, Kathleen. With her were Laverne Owens, Martha Dempsey, and Harriet Platz.

Appellant insists the undisputed evidence is that the taxicab was in the street intersection (where the wreck occurred) before Kathleen entered it. It is also urged that Kathleen admitted failure to look in each direction, and conceded her car "might have swerved a little" when the taxicab was first seen. Such testimony, says appellant, is conclusive of his position that Kathleen was not exercising due care and that the taxicab had right of way. However, Kathleen's testimony was that the taxicab ran into the car she was driving, and ". . . the minute I saw the taxicab's lights there at my side, I put on my brakes."

Clayton Northcutt, of the state police force, testified regarding his investigation of the collision. The wreck, which he did not see, occurred near the center of Garland and Twelfth streets. The taxicab hit the Shofner car on the left side near the door. Tire marks showed that the taxicab skidded approximately thirty-six feet, denoting tightly-applied brakes. There was no stop sign on either side of the intersection.

To some extent Kathleen was supported by the testimony of her companions, although statements made by these witnesses were susceptible of a construction adverse to appellee. If the jury had returned a verdict for appellant the evidence would sustain it; but the finders of facts accepted testimony of witnesses for appellee, and this testimony was substantial.

• • • •

The second point is appellant's contention that Shofner should have been required to produce the mechanic who repaired his car, or some one familiar with the damage done as distinguished from a written memorandum by Creekmore Motor Company in the nature of an estimate of parts and materials needed and labor to be performed. Appellee was asked to examine the estimate, ". . . and, from the knowledge and experience you have had in connection with the operation of cars and trucks, state (if you know) whether it was necessary to have these repairs made before your car was put back in good condition?"

No attempt was made by appellant to show that Shofner's knowledge regarding cars was such that the facts *he* asserted were hearsay. He had owned automobiles about twenty-five years, and operated a truck in connection with his business. The bill had been paid. Other estimates procured by appellee were within two dollars of Creekmore's. The car (a Dodge) was purchased from the Creekmore Company, a local agency.

We think appellant failed to show that repair cost items were not within appellee's personal knowledge.

Affirmed.